UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 3:11-cr-00129-LRH-WGC |
| v. | ORDER |
| DUEL ANTHONY COBB, | |
| Defendant. | |

Before the court is petitioner Duel Anthony Cobb's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] ECF No. 48. Because Cobb was not sentenced under the Armed Career Criminal Act ("ACCA") or under a federal statute or sentencing guideline that incorporates a crime-of-violence definition, the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) is inapplicable to his sentence. The court will therefore deny his motion and deny him a certificate of appealability.

**I.    Background**

    **A.    Cobb's conviction**

On July 24, 2012, Cobb pled guilty to one count of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) and one count of possession of a firearm in relation to a drug-trafficking offense. ECF No. 38; *see also* ECF No. 1. On November 1, 2012, this court sentenced him to a total of 170 months of imprisonment. ECF Nos. 41–42.

---

[1] Because the content of Cobb's motion conclusively shows that he is not entitled to relief, the court has not ordered the United States to respond. *See* 28 U.S.C. § 2255(b).

### B. *Johnson v. United States* and subsequent challenges

Cobb argues that he is entitled to relief under *Johnson v. United States*. There, the U.S. Supreme Court ruled that a portion of the ACCA's violent-felony definition, often referred to as the "residual clause," was unconstitutionally vague (i.e., "void for vagueness"). *Johnson*, 135 S. Ct. at 2557. The ACCA applies to certain defendants charged with unlawful possession of a firearm under 18 U.S.C. § 922(g), such as being a felon in possession of a firearm under § 922(g)(1). 18 U.S.C. § 924(e). The Supreme Court subsequently held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), thus allowing defendants to challenge their ACCA convictions under section 2255. *See, e.g.*, *United States v. Avery*, No. 3:02-CR-113-LRH-VPC, 2017 WL 29667 (D. Nev. Jan. 3, 2017).

Moreover, *Johnson* also sparked challenges to other federal criminal statutes and sections of the U.S. Sentencing Guidelines that incorporate a "crime-of-violence" definition that includes a residual clause similar or identical to the ACCA's. One such case is *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016). There, the Ninth Circuit addressed a challenge to the residual clause found in 18 U.S.C. § 16(b), which is similar but not identical to the ACCA's residual clause. *Dimaya*, 803 F.3d at 1111–12. The court ultimately held that section 16(b)'s clause was also void for vagueness. *Id*. at 1119.

*Johnson* and *Dimaya* have also led to challenges to the residual clause found in 18 U.S.C. § 924(c), which is nearly identical to the section 16(b) residual clause that the Ninth Circuit held void for vagueness in *Dimaya*. While a challenge to section 924(c) is currently before the Ninth Circuit, the court has deferred ruling on the issue until the Supreme Court decides *Dimaya*. *United States v. Begay*, No. 14-10080, ECF No. 87 (9th Cir. 2017); *see also United States v. Begay*, 2016 WL 1383556 (9th Cir. 2016).

## II. Legal standard

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id*. § 2255(b).

### III. Discussion

#### A. Cobb is not entitled to relief

Under 18 U.S.C. § 924(c)(1)(A), it is a felony to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime . . . ." This statute therefore creates an offense separately punishable from another concurrently-charged offense that the indictment alleges is a crime of violence *or* a drug-trafficking crime.

Here, Cobb's conviction for possession with intent to distribute a controlled substance served as the underlying drug-trafficking crime for his section 924(c) conviction. *See* ECF No. 11 at 1–2. In turn, his section 924(c) conviction was *not* premised on having used or carried a firearm in relation to a *crime of violence* and therefore did not implicate the residual clause incorporated in the crime-of-violence definition. *See* 18 U.S.C. § 924(c)(3). Moreover, Cobb was not sentenced under the ACCA or any sentencing guideline that incorporates a crime-of-violence definition. *Johnson v. United States* is therefore inapplicable to his sentence.

#### B. The court will deny Cobb a certificate of appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to

proceed further." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (internal citations, quotation marks, and brackets omitted).

As discussed above, *Johnson v. United States* is inapplicable to Cobb's sentence, and he has therefore failed to make any showing of a denial of a constitutional right. The court will therefore deny him a COA.

**IV. Conclusion**

IT IS THEREFORE ORDERED that petitioner Duel Anthony Cobb's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 48) is **DENIED**.

IT IS FURTHER ORDERED that Cobb is **DENIED** a certificate of appealability.

IT IS SO ORDERED.

DATED this 12th day of July, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE